## LINK BOOKMAN v. THE STATE.

### No. 8658.  Delivered February 25, 1925.

**Violating Gaming Statutes—Recognizance—Insufficient.**

Where the recognizance recites that appellant has been convicted of the "offense of running a gaming house" it is insufficient there being no such offense known to our law, and for that reason the appeal must be dismissed, and it is so ordered.

Appeal from the District Court of Travis County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for keeping a place for gaming with dice; penalty, two years in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was convicted upon the charge that he did "unlawfully keep and was interested in keeping a building, room and place for the purpose of being used as a place to bet and wager money and other things of value at a game played with dice," etc.

His punishment was assessed at two years' confinement in the penitentiary.

Our attention is called to the insufficiency of the recognizance entered into by appellant for his enlargement pending appeal. It recites that appellant has been convicted of the "offense of running a gaming house." No such offense as described in the recognizance is known to our law.

Because of the error pointed out the appeal must be dismissed, and it is so ordered.

*Appeal dismissed.*